## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICK PIZZELLA**, Acting Secretary of Labor, United States Department of Labor, ) ) ) | |
| Plaintiff, ) ) ) | Case No.: |
| v. ) ) | Judge: |
| **TEQUILA'S MEXICAN BAR & GRILL, INC.,** ) **HECTOR MUNOZ,** an individual, and ) **JAVIER MUNOZ**, an individual, ) ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, **PATRICK PIZZELLA**, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin **TEQUILA'S MEXICAN BAR & GRILL, INC., HECTOR MUNOZ**, an individual, and **JAVIER MUNOZ,** ("Defendants") from violating the provisions of sections 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq*.) ("the Act"), pursuant to section 17 of the Act.

**I**

Jurisdiction of this action is conferred upon the court by section 17 of the Act, 29 U.S.C. § 217, and 28 U.S.C. § 1345.

**II**

(a) Defendant **TEQUILA'S MEXICAN BAR & GRILL, INC.,** is an Illinois corporation having its main office and place of business at 370 West Washington, East Peoria, IL 61611 in Tazewell County, which is within the jurisdiction of this court and is, and at all times hereinafter mentioned was, engaged at that address in operating a full-service Mexican restaurant.

(b) Defendant **HECTOR MUNOZ**, an owner and president, of Defendant, **TEQUILA'S MEXICAN BAR & GRILL, INC.,** at all times hereinafter mentioned, was actively supervising the day-to-day operations and management of **TEQUILA'S MEXICAN BAR & GRILL, INC.,** in relation to its employees. At all times hereinafter mentioned, **HECTOR MUNOZ** is and was engaged in business within Tazewell, at 370 West Washington, East Peoria, IL, within the jurisdiction of this court. **HECTOR MUNOZ** acted directly or indirectly in the interest of **TEQUILA'S MEXICAN BAR & GRILL, INC.,** in relation to its employees and is an employer under section 3(d) of the Act.

(c) Defendant **JAVIER MUNOZ,** an individual and manager of Defendant **TEQUILA'S MEXICAN BAR & GRILL, INC.,** is and, at all times hereinafter mentioned, actively supervised the day-to-day operations, payroll and management of **TEQUILA'S MEXICAN BAR & GRILL, INC.,** in relation to its employees.  At all times hereinafter mentioned, **JAVIER MUNOZ** is and was engaged in business at 370 West Washington, East Peoria, IL 61611 in Tazewell County, within the jurisdiction of this court, **JAVIER MUNOZ** acted directly or indirectly in the interest of **TEQUILA'S MEXICAN BAR & GRILL, INC.,** in relation to its employees and is an employer under sections 3(d) of the Act.

### III

Defendant **TEQUILA'S MEXICAN BAR & GRILL, INC.,** is and, at all times hereinafter mentioned, was engaged in performance of related activities for a common business purpose, constituting an enterprise within the meaning of section 3(r) of the Act.

### IV

Defendant **TEQUILA'S MEXICAN BAR & GRILL, INC.,** at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce

within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times herein after mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants, employers subject to the provisions of the Act, have repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that they have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by regulations (29 C.F.R. § 516) issued by the United States Department of Labor. Records kept by defendants failed to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek, with respect to many of their employees. Specifically, Defendants failed to maintain records of the hours worked each workday and each workweek for employees; and employee information including employee's full names, addresses, occupation and shifts worked, dates of hire, and hourly rates or salaries.

VI

During the period since August 9, 2016, Defendants have repeatedly violated the aforesaid provision of the Act. A judgment which enjoins and restrains such violation is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

a. For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of sections 11 and 15 of the Act; and

b. For an Order awarding Plaintiff costs of this action; and

c. For an Order granting such other and further relief as may be necessary or appropriate.

Respectfully submitted,

**PATRICK PIZZELLA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**P.O. ADDRESS:**
U.S. Department of Labor
Office of the Solicitor
    Eighth Floor
230 S. Dearborn Street
Chicago, Illinois  60604
Telephone: (312) 353-3668
Email: ringstad.linda@dol.gov

s/ Linda J. Ringstad
**LINDA J. RINGSTAD**
Attorney

Attorneys for **PATRICK PIZZELLA**, Acting Secretary of Labor, United States Department of Labor, Plaintiff